## IN THE UNITED STATES DISTRICT COURT,
## FOR THE SOUTHERN DISTRICT OF NEW YORK

NUNE MELIKYAN,              )
                                 )
                  Plaintiff,   )
                                 )
              -vs-           )     No.
                                 )
WHOLE FOODS MARKET GROUP, INC., A  )
DELAWARE CORPORATION AND          )
AMAZON.COM.CA, INC., A DELAWARE    )
CORPORATION,                   )
                                 )
                Defendants.  )

## COMPLAINT

NOW COMES the Plaintiff, NUNE MELIKYAN ("PLAINTIFF"), by and through her attorneys, NEMEROFF LAW OFFICES, LTD., complaining of the Defendants, WHOLE FOODS MARKET GROUP, INC., a Delaware corporation and AMAZON.COM.CA, INC., a Delaware corporation ("DEFENDANTS"), and states as follows:

## COUNT 1
## NUNE MELIKYAN vs. WHOLE FOODS

1.     The basis for jurisdiction is diversity jurisdiction. For there to be diversity jurisdiction, the plaintiff must be domiciled in a different state than all of the defendants and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Corporations, such as the defendants in this case, are deemed to be domiciled in both their state of incorporation and the state of their principal place of business. "28 U.S.C. § 1332(c)" *Durant v. Dupont*, 565 F.3d 56, 59 (2d Cir. 2009).

2.     At all relevant times, Plaintiff NUNE MELIKYAN was domiciled in New York, New York.

3.      At all relevant times, Defendant WHOLE FOODS MARKET GROUP, INC. ("WHOLE FOODS") was a Delaware corporation with its principal place of business in Austin, Texas that was doing business in the State of New York. Thus, Defendant WHOLE FOODS was domiciled in both Delaware and Texas.

4.      At all relevant times, Defendant AMAZON.COM.CA, INC. ("AMAZON") was a Delaware Corporation with its principal place of business in Seattle, Washington that was doing business in the State of New York. Thus, Defendant AMAZON was domiciled in both Delaware and Seattle.

5.      At all relevant times, Defendant AMAZON owned Defendant WHOLE FOODS and all of its locations.

6.      On May 6, 2020, Defendant WHOLE FOODS owned, operated, and controlled a premises located at 10 Columbus Circle, Suite Sc101, New York, New York, commonly known as the "Columbus Circle Whole Foods Market."

7.      On May 6, 2020, Defendant WHOLE FOODS was doing business as "Whole Foods Market."

8.      At all relevant times, Defendant WHOLE FOODS was registered in New York as a foreign BCA and was doing business in New York as a grocery store chain.

9.      On May 6, 2020, Defendant WHOLE FOODS held itself out to the public as a grocery store and invited people to be customers at its stores, including at its Columbus Circle location.

10.     On May 6, 2020, Plaintiff was entering Defendant WHOLE FOODS' location at the Columbus Circle Whole Foods Market as a customer.

11. On May 6, 2020, as Plaintiff was attempting to enter the store of Defendant WHOLE FOODS at the Columbus Circle Whole Foods Market in New York, Defendant WHOLE FOODS' employee and/or agent without cause, provocation or consent of Plaintiff, did then and there use her feet and body to strike and attack the Plaintiff on and about her person. Specifically, Defendant Whole Foods' employee and/or agent kicked Plaintiff in the head and then continued to kick Plaintiff for some time after the initial blow.

12. At all relevant times, Defendant WHOLE FOODS had a duty to provide a safe environment for its customers, including the Plaintiff, as they shopped in its stores.

13. That the Defendant, WHOLE FOODS, through its employee and/or agent, was then and there, guilty of assaulting and battering the Plaintiff.

14. At all relevant times, Plaintiff was lawfully present at the Columbus Circle Whole Foods Market as a business invitee and customer of the aforementioned Premises.

15. At all relevant times, Plaintiff was in the exercise of due care and caution for her own safety and for the safety of others.

16. As a direct and proximate cause of this incident, Plaintiff suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, NUNE MELIKYAN, demands judgment against Defendant WHOLE FOODS MARKET GROUP, INC., a Delaware Corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

## COUNT I1
### NUNE MELIKYAN vs. WHOLE FOODS

1-12. Plaintiff re-pleads paragraphs 1-12 from Count I above as if fully set forth herein as paragraphs 1-12 of this Count II.

13.     That the Defendant, WHOLE FOODS, was then and there, guilty of one or more of the following negligent and careless acts and/or omissions amounting to negligence:

    a.    Carelessly, negligently and improperly failed to supervise its employees on or about the premises to prevent them from attacking invitees, including the Plaintiff;

    b.    Failed to adequately train and properly train its employees;

    c.    Carelessly and negligently failed to ensure the safety of invitees, including the Plaintiff;

    d.    Were careless and negligent in the management, control operation and maintenance of its employees;

11.     At all relevant times, Plaintiff was lawfully present at the Columbus Circle Whole Foods Market as a business invitee and customer of the aforementioned Premises.

12.     At all relevant times, Plaintiff was in the exercise of due care and caution for her own safety and for the safety of others.

13.     As a direct and proximate cause of this incident, Plaintiff suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, NUNE MELIKYAN, demands judgment against Defendant WHOLE FOODS MARKET GROUP, INC., a Delaware Corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

## COUNT III
### NUNE MELIKYAN vs. AMAZON

1-12.   Plaintiff re-pleads paragraphs 1-12 from Count I above as if fully set forth herein as paragraphs 1-12 of this Count III.

13.     Under information and belief, before and at all times herein complained of, Defendant AMAZON.COM.CA, INC. ("AMAZON") owned Defendant WHOLE FOODS and all

of its locations, including but not limited to, the Columbus Circle Whole Foods Market in New York, New York.

14.    On May 6, 2020, Defendant AMAZON was doing business as "Amazon.com"

15.    At all relevant times, Defendant AMAZON was registered in New York as a foreign BCA and was doing business in New York.

16.    Under information and belief, before and at the time of the occurrence herein complained of, Defendant WHOLE FOODS was an apparent agent of Defendant AMAZON.

17.    Under information and belief, before and at the time of the occurrence herein complained of, Defendant WHOLE FOODS was an actual agent of Defendant AMAZON.

18.    Under information and belief, before and at the time of the occurrence herein complained of, Defendant AMAZON acted in a manner that would have led a reasonable person to believe that Defendant WHOLE FOODS was an agent of Defendant AMAZON.

19.    Under information and belief, before and at the time of the occurrence herein complained of, Defendant AMAZON had knowledge of and acquiesced in the acts of Defendant WHOLE FOODS, which created the appearance of its authority as an agent of Defendant AMAZON.

20.    Before and at the time of the occurrence herein complained of, Plaintiff acted in reasonable reliance upon the conduct of Defendant AMAZON which created the appearance of Defendant WHOLE FOODS authority as an agent of Defendant AMAZON.

21.    That on or about March 11, 2018, the Defendant, AMAZON, by way of its agent, actual or apparent, Defendant WHOLE FOODS, then and there engaged in the business of providing groceries to business invitees at all of the WHOLE FOODS locations, including the Columbus Circle Whole Foods Market.

22.     At said time and date, Defendant, AMAZON, by way of its agent, actual or apparent, Defendant WHOLE FOODS, voluntarily undertook a duty to its customers, including Plaintiff, to provide them with a safe environment in which to shop while shopping in its stores.

23.     That the Defendant, AMAZON, by way of its agent, actual or apparent, Defendant WHOLE FOODS, through its employee and/or agent, was then and there, guilty of assaulting and battering the Plaintiff.

24.     At all relevant times, Plaintiff was lawfully present at the Columbus Circle Whole Foods Market as a business invitee and customer of the aforementioned Premises.

25.     At all relevant times, Plaintiff was in the exercise of due care and caution for her own safety and for the safety of others.

26.     As a direct and proximate result of the foregoing negligent acts or omissions of the Defendant, AMAZON, by way of its agent, actual or apparent, Defendant WHOLE FOODS, Plaintiff was physically injured; experienced great pain and suffering; financial obligations for the cost of reasonable and necessary healthcare services and related expenses, sustained a loss of a normal life and suffered further economic and non-economic damages.

WHEREFORE, Plaintiff, NUNE MELIKYAN, demands judgment against Defendant AMAZON.COM.CA, INC., a Delaware corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

**COUNT IV**

## NUNE MELIKYAN vs. AMAZON

1-22.    Plaintiff re-pleads paragraphs 1-12 from Count III above as if fully set forth herein as paragraphs 1-22 of this Count IV.

23.    That the Defendant, AMAZON, by way of its agent, actual or apparent, Defendant WHOLE FOODS, was then and there, guilty of one or more of the following negligent and careless acts and/or omissions amounting to negligence:

       a.    Carelessly, negligently and improperly failed to supervise its employees on or about the premises to prevent them from attacking invitees, including the Plaintiff;

       b.    Failed to adequately train and properly train its employees;

       c.    Carelessly and negligently failed to ensure the safety of invitees, including the Plaintiff;

       d.    Were careless and negligent in the management, control operation and maintenance of its employees;

24.    At all relevant times, Plaintiff was lawfully present at the Columbus Circle Whole Foods Market as a business invitee and customer of the aforementioned Premises.

25.    At all relevant times, Plaintiff was in the exercise of due care and caution for her own safety and for the safety of others.

26.    As a direct and proximate result of the foregoing negligent acts or omissions of the Defendant, AMAZON, by way of its agent, actual or apparent, Defendant WHOLE FOODS, Plaintiff was physically injured; experienced great pain and suffering; financial obligations for the cost of reasonable and necessary healthcare services and related expenses, sustained a loss of a normal life and suffered further economic and non-economic damages.

WHEREFORE, Plaintiff, NUNE MELIKYAN, demands judgment against Defendant AMAZON.COM.CA, INC., a Delaware corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

Respectfully submitted,

David B. Nemeroff, One of the
Attorneys for Plaintiff

NEMEROFF LAW OFFICES, LTD.
105 W. Madison St., Suite #1900
Chicago, IL 60602
(312) 629-8800
E-mail for service only:
Service@Nem-Law.com